IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DONNA GIBSON,                    *
                                 *
        Plaintiff,               *
                                 *
vs.                              *   CIVIL ACTION NO.12-00577-CG-B
                                 *
JAY YORK, *et al.*,              *
                                 *
        Defendants.              *

## Report and Recommendation

This matter is before the Court on Defendants Jay York and Dr. Todd Volkman's[1] Motions to Dismiss Plaintiff's Complaint (Docs. 13, 23). The motions have been fully briefed and have been referred to the undersigned Magistrate Judge for entry of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned RECOMMENDS that Defendants' Motions to Dismiss Plaintiff's Complaint (Docs. 13, 23) be **GRANTED** and that this action be **DISMISSED** with prejudice.

---

[1] Dr. Volkman's Motion (Doc. 23) was originally couched as a Motion for Summary Judgment. However, on December 6, 2012, Judge Callie V.S. Granade entered an Order (Doc. 24) construing the pleading as a Motion to Dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), or for lack of jurisdiction, and referred the Motion to the undersigned Magistrate Judge for entry of this Report and Recommendation. (Doc. 24).

## I.   Background Facts

Plaintiff Donna Gibson, who is proceeding <u>pro</u> <u>se</u>, commenced this action against Defendants Jay York[2] and Dr. Todd Volkman on September 7, 2012 (Doc. 1).   The facts underlying Plaintiff's complaint stem from a lawsuit that Plaintiff filed in the Circuit Court of Mobile County, Alabama.   Plaintiff was represented by Defendant York, who filed a lawsuit seeking workers' compensation benefits from Plaintiff's former employer, Rooms-To-Go Inc. (<u>Id.</u>); <u>see also</u> <u>Gibson v. Rooms to Go Alabama Corp</u>, Case No. CV-2009-1559 (Circuit Court of Mobile, Alabama). In the lawsuit, Plaintiff asserted that she fell while working, and that she was entitled to benefits as a result.

According to Plaintiff, Defendant York negotiated a settlement of her workers' compensation lawsuit with Rooms-To-Go, Inc. on Plaintiff's behalf. (<u>Id.</u>).   In the instant action, Plaintiff claims that Defendant York acted in concert with Joe Steadman[3] to "deprive [P]laintiff of her Constitutional Right to have a jury trial in a civil claim in State court by telling

---

[2] During the periods relevant to the Complaint, Defendant Jay York was an attorney practicing in Mobile County, Alabama. Subsequent thereto, Defendant York ceased the practice of law upon his appointment as a District Judge for Mobile County, Alabama.

[3] Although Plaintiff states a claim against Joe Steadman Plaintiff did not list him as a named Defendant in this action.

[P]laintiff that her claim against Rooms-to-Go Inc. was not the type of claim to be heard by a jury." (Id., at 1).  Plaintiff argues that Defendant York "refused to place Rooms-To-Go defense to her claim to a proper adversarial test" and "Mr. York show[ed] a reluctance to adequately pursue her claim in a manner to produce positive results." (Id., at 2).  Plaintiff states that, in failing to properly pursue her claim, "Jay York intentionally and with malice deprived [P]laintiff of her right to meaningful access to court, which has caused [P]laintiff to suffer constant pain and [P]laintiff will have to suffer with this pain the remainder of [her] life without adequate compensation from her injury." (Id.).

Plaintiff also asserts two claims against Defendant Dr. Volkman, an orthopedic surgeon who treated Plaintiff after her accident. (Id.).  According to Plaintiff, Dr. Volkman's treatments included performing two surgeries on her, providing her with therapeutic procedures, and proscribing pain management medication. (Id., at 2-3).  Plaintiff asserts that "Dr. Volkman after all of the visits and the surgeries concluded that [P]laintiff's injury was unrelated to work." (Id., at 3).  Plaintiff further claims that her condition "is the same and [P]laintiff is constantly in extreme pain." (Id.).  In addition, Plaintiff argues that "even though Dr. Volkman performed two surgeries[,] his treatment plan shows that Dr. Volkman acted

indifferent to [P]laintiff's serious medical need." (Id.).
Plaintiff contends that "Dr. Volkman's actions show negligence
in difference (sic) and has left [P]laintiff in constant pain."
(Id.). Plaintiff avers that his actions are a violation of her
Eighth and Fourteenth Amendment rights.

On November 13, 2012, Defendant York filed the instant
Motion to Dismiss. (Doc. 13). In support thereof, York asserts
that Plaintiff's claim against him is due to be dismissed for
failure to state a claim upon which relief can be granted, res
judicata and/or collateral estoppel, judicial estoppel, and the
Legal Services Liability Act. (Id.). Specifically, York argues
that Plaintiff's claim is due to be dismissed because "there is
no right to a jury trial with respect to a workers' compensation
case under Alabama law." (Id., at 4). According to York,
workers' compensation cases in the State of Alabama are
exclusively determined by the Court and not by a jury, unless a
willful conduct defense is raised and because no such defense
was raised in Plaintiff's workers' compensation case, she was
not entitled to a jury trial. (Id.) (citing Alabama Code § 25-5-
81).

On December 3, 2012, Defendant Volkman filed the instant
Motion to Dismiss. (Doc. 23). In support thereof, Defendant
Volkman asserts that Plaintiff's claims against him are due to
be dismissed for failure to state a claim upon which relief can

be granted and because Plaintiff's claims are barred by the Alabama Medical Liabilities Act. (Id.). Specifically, Defendant Volkman asserts that Plaintiff's claim that Dr. Volkman violated her Eighth Amendment right to be free from cruel and unusual punishment is not plausible because Plaintiff was not incarcerated and because she has failed to allege any facts to support her Fourteenth Amendment claim. (Id., at 9-12).

## II. Analysis

### A. Rule 12(b)(6) Standard

In considering a Rule 12(b)(6) motion to dismiss, the court accepts the non-moving party's allegations as true; however, the court is not required to accept a plaintiff's legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the Court makes reasonable inferences in the plaintiff's favor, "but [is] not required to draw plaintiff's inference." Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. Id.; see also Iqbal, 556 U.S. at 681

(stating conclusory allegations are "not entitled to be assumed true").

In Iqbal, the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. Id. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

In reviewing Plaintiff's complaint, the undersigned is mindful that courts hold allegations of pro se complaints to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96, 30 L. Ed. 2d 652 (1972). However, the Court does not have "license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citing

Pontier v. City of Clearwater, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995)). Furthermore, a pro se litigant is still subject to the rules and procedures of the court, including the Federal Rules of Civil Procedure. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

**B. Defendant York**

As noted supra, Defendant York asserts that this action should be dismissed for failure to state a claim upon which relief can be granted. Plaintiff's response in opposition to Defendant York's motion (Doc. 26) is full of rambling assertions. As best the Court can discern, Plaintiff is now asserting that Defendant York failed to handle her case properly because her case was settled for less than what it was worth, and Defendant York fraudulently withheld information about the cause of her back injury.

In Plaintiff's complaint, her sole allegation against Defendant York is that he acted in concert with Joe Steadman to "deprive plaintiff of her Constitutional Right to have a jury trial in a civil claim in State court by telling plaintiff that her claim against Rooms-to-Go Inc. was not the type of claim to be heard by a jury." (Doc. 1 at 1).

Alabama Workers' Compensation statute provides in pertinent part:

(1) Procedure. -- In case of a dispute between employer and employee . . . with respect to the right to compensation under this . . . either party may submit the controversy to the circuit court of the county which would have jurisdiction of a civil action in tort between the parties. *The controversy shall be heard and determined by the judge* who would hear and determine a civil action between the same parties arising out of tort…

(2) Right to jury trial. -- When *willful misconduct* on the part of the employee is set up by the employer, as it is provided for in this article, the employer may, upon appearing, demand a jury to hear and determine, under the direction of the court, the issues involved in this defense. If the employer fails to demand a jury upon appearing, the employee may demand a jury to try the issues by filing a demand within five days after the appearance of the employer. *When a jury is demanded by either party, the court shall submit the issues of fact as to willful misconduct set up by the employer to the jury, for a special finding of the facts subject to the usual powers of the court over verdicts rendered contrary to the evidence or the law, but the judge shall determine all other questions involved in the controversy without a jury.*

Code of Ala. § 25-5-81(a)(1)-(2) (West 2013) (emphasis added).

A review of the Answer filed by Rooms-To-Go's in response to Plaintiff's workers' compensation complaint reveals that Rooms-To-Go did not assert a willful conduct defense. In the absence of a willful conduct defense, there is no right to a

jury trial. (Doc. 13-2 at 2-3)[4].  Because Plaintiff was not entitled to a jury trial on her workers' compensation claim, she has failed to state a cognizable claim against Defendant York.

Further, Plaintiff's attempt, through her response, to add a malpractice and/or fraud claim against Defendant York must be rejected as well.  A federal court's jurisdiction is limited; that is, it only hears certain types of actions. Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by the Constitution and statute . . . It is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction.

---

[4] The Court may take judicial notice of pleadings and orders when the documents are matters of public record and are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned. Horne v. Potter, 392 Fed. App'x 800, 802 (11th Cir. 2010).  Pleadings and documents filed in other judicial proceedings are public documents. See Universal Express, Inc. v. United States SEC, 177 Fed. App'x 52, 53 (8th Cir. 2006).  When considering a Rule 12(b)(6) motion to dismiss, a court may take judicial notice of the public records without converting the motion to dismiss to a motion for summary judgment. Id., 177 Fed. App'x at 53-54. Accordingly, the Court takes judicial notice of the Answer filed by Rooms-To-Go in Plaintiff's workers' compensation action without converting the motions to dismiss to a motion for summary judgment.

Kokkonen v. Guardian Life Ins., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994) (internal citation omitted). A plaintiff seeking to invoke the federal court's jurisdiction must establish this jurisdiction in the complaint. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (not only must the jurisdictional provision be stated in the complaint, but facts "demonstrating the existence of jurisdiction" must be stated as well); Kirkland Masonry, Inc. v. Comm'r, 614 F.2d 532, 533 (5th Cir. 1980) (same); Fed.R.Civ.P. 8(a)(1) (directing that a complaint must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends"). A complaint fails to invoke the Court's jurisdiction when the complaint "is wholly insubstantial and frivolous." Southpark Square Ltd v. City of Jackson, Miss., 565 F.2d 338, 341-42 (5th Cir. 1977); Dunlap v. G & L Holding Group, Inc., 381 F.3d 1285, 1291-92 (11th Cir. 2004) (federal issue must be "substantial" to confer federal subject matter jurisdiction).

In the instant action, Plaintiff has wholly failed to establish a basis for a federal cause of action against Defendant York. Her passing references to "the Sixth, Eighth and Fourteenth Amendments" and to the "Constitution" do not provide any basis for concluding that she has a substantial, non-frivolous federal claim against Defendant York. She has not

provided any facts upon which a federal claim could be inferred. Thus, she has failed to meet her burden of establishing subject matter jurisdiction with respect to her claims against Defendant York. See Taylor, 30 F.2d at 1367.

Accordingly, Plaintiff's claims against York are due to be **DISMISSED** for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

### C. Defendant Volkman

Plaintiff's Eighth and Fourteenth Amendment claims against Dr. Volkman are likewise due to be dismissed.  The Eighth Amendment to the United States' Constitution prohibits cruel and unusual punishment. U.S. Const. amend. VIII.  In the healthcare context, "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976) (internal citation omitted).  Thus, in a healthcare context, the Eighth Amendment protects those persons whom the government "is punishing by incarceration." Id., 429 U.S. at 103.  In the instant case, Plaintiff claims that Defendant Dr. Volkman's treatment of her violated her Eighth Amendment rights; however, because Plaintiff was not incarcerated and Dr. Volkman was not treating Plaintiff while she was incarcerated, Plaintiff has no plausible Eighth Amendment claim against Dr. Volkman.  Thus,

this claim is due to be **DISMISSED** for failure to state a cognizable claim.

In addition, Plaintiff claim that Dr. Volkman violated her Fourteenth Amendment rights by exhibiting deliberate indifference in his treatment of her and by finding that Plaintiff's injury was not a result of her fall at the workplace is also due to be dismissed. (Doc. 1 at 2-3). The Fourteenth Amendment provides for protections involving citizenship, personhood, privileges or immunities, due process, equal protection, the apportionment of representatives, and enforcement power. U.S. Const. amend. XIV. "Because the Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.'" Lugar v. Edmondson Oil Co., 457 U.S. 922, 924, 102 S. Ct. 2744, 2747, 73 L. Ed. 2d 482 (1982). Although vast in its coverage, nowhere does the Fourteenth Amendment provide a private remedy for persons asserting a claim against another private citizen acting in a private, non-governmental, capacity. See Id. Thus, even taking Plaintiff's assertions as true, she has failed to state a cognizable federal claim against Defendant Dr. Volkman because she has not alleged, nor would the facts support, that Defendant Dr. Volkman engaged in "state action". Accordingly, Plaintiff's Fourteenth Amendment claim is due to be **DISMISSED** for failure to state a claim.

## III. Conclusion

For the reasons stated herein, the undersigned Magistrate Judge RECOMMENDS that Defendants' Motions to Dismiss Plaintiff's Complaint (Docs. 13, 23) be **GRANTED** and that this action be **DISMISSED** with prejudice for lack of subject matter jurisdiction and for failure to state a claim.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **28th** day of **June, 2013.**

```
          /s/ SONJA F. BIVINS
     UNITED STATES MAGISTRATE JUDGE
```